UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 5:20-cr-00607 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 26] |
| v. | : |  |
| INDIA R. SCOTT, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this drug and firearm case, Defendant India R. Scott moves to suppress the evidence recovered when police searched her person after a traffic stop.[1] In support of her motion, Defendant argues the officers lacked reasonable suspicion to remove Defendant Scott from the vehicle and search her.[2] Defendant also argues the officers unlawfully asked Defendant Scott if she had anything illegal on her person without providing her with *Miranda* warnings.[3] The Government opposed.[4]

On July 16, 2021, the Court **DENIED** Defendant Scott's motion to suppress during the motion hearing.[5] This opinion provides the Court's reasoning for denying the motion.

I. Background

During the early morning of September 12, 2020, Akron Police Officers Brandenburg and Mook initiated a traffic stop of an automobile with an altered and fictious temporary

---

[1] Doc. 26.
[2] *Id.* at 5–7.
[3] *Id.* at 7–9.
[4] Doc. 29.
[5] Doc. 35 at 55–56. Transcript of Motion to Suppress Proceeding as to India R. Scott, *United States v. Scott*, No. 5:20-cr-00607 (N.D. Ohio filed October 9, 2020).

Case No. 5:20-cr-00607
GWIN, J.

license plate.[6]  Defendant Scott was a passenger in this vehicle.[7]  The driver of the vehicle was arrested for driving without a valid license.[8]  During a search incident to arrest, Officer Mook found drugs on the driver's person.[9]

While Defendant Scott was still seated in the passenger seat, Officer Brandenburg made general inquiries about who the vehicle belonged to, who the driver was, and where Defendant and the driver were going.[10]  Officer Brandenburg asked if Defendant had a valid driver's license and she stated that she did not.[11]

Officer Mook then approached Defendant Scott and asked her to step out of the vehicle.[12]  He asked Defendant Scott if she had anything illegal on her and she responded that she did not.[13]  Officer Mook repeated the question and this time Defendant Scott responded that she had a firearm on her.[14]  Defendant Scott was removed from the car and placed under arrest for carrying a concealed weapon and improper handling of a firearm in a motor vehicle.[15]  Methamphetamine was recovered from Defendant Scott's pocket during the subsequent search incident to arrest.[16]

---

[6] *Id.* at 7–8.
[7] *Id.* at 36.
[8] *Id.* at 9.
[9] *Id.*
[10] Doc. 35 at 37.
[11] *Id.*
[12] *Id.* at 14.
[13] *Id.* at 15–16.
[14] *Id.* at 17.
[15] Doc. 35 at 17.
[16] *Id.* at 18.

Case No. 5:20-cr-00607
GWIN, J.

## II. Discussion

### A. The Search and Seizure of Defendant Scott was Lawful.

Defendant Scott claims the Officers lacked reasonable suspicion to remove her from the vehicle and pat her down for weapons.[17]

The Fourth Amendment prohibits the government from conducting unreasonable searches and seizures of persons or their property.[18] Evidence obtained from an unlawful search in violation of the Fourth Amendment must be excluded from trial.[19]

#### a. The Traffic Stop was Supported by Probable Cause.

The protections of the Fourth Amendment extend to the temporary detention of persons during a police traffic stop.[20] Therefore, such temporary detention must be reasonable.[21] The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.[22]

Defendant Scott was the passenger in a vehicle bearing an altered and fictious temporary license plate. Ohio Revised Code Section 4549.08 makes it a misdemeanor offense to operate a motor vehicle upon a public road with a license plate that is fictitious or that belongs to another vehicle.[23] After the officers observed the altered temporary license plate and determined that it belonged to another vehicle, there was probable cause to stop the automobile.

---

[17] Doc. 26 at 1.
[18] U.S. Const. amend. IV; *Terry v. Ohio*, 392 U.S. 1, 8 (1968).
[19] *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963).
[20] *Whren v. United States*, 517 U.S. 806, 809–10 (1996).
[21] *Id.* at 810.
[22] *Id.*
[23] Ohio Rev. Code §§ 4549.08(A)(1); 4549.08(A)(3).

- 3 -

Case No. 5:20-cr-00607
GWIN, J.

### b. The Removal of Defendant Scott from the Vehicle was Lawful.

During a lawful traffic stop, an officer is permitted to remove an occupant from the vehicle pending the completion of the stop without an additional level of suspicion that the occupant poses a safety risk.[24]

Therefore, Defendant Scott was lawfully removed from the vehicle.[25]

### c. The Search of Defendant Scott was Supported by Reasonable Suspicion.

Under *Terry*, the officers had legitimate grounds to ask Defendant Scott if she had any contraband. If officers develop "reasonable and articulable suspicion" of criminal activity during a traffic stop, the stop may be extended to allow the officers to investigate those suspicions.[26] Any additional investigation must be reasonably related in scope to the circumstances which justified the extension in the first place.[27]

Once drugs were found on the driver, officers had reasonable suspicion as to both the car and to Defendant Scott.[28] Further, asking Defendant Scott if she had anything illegal on her was reasonably related in scope to the situation at hand.[29] Therefore, this questioning was lawful under the Fourth Amendment.

---

[24] *Maryland v. Wilson*, 519 U.S. 408, 415 (1997).
[25] The officers also had practical reasons for removing Defendant Scott from the car. The vehicle was subject to search based on probable cause and would also be inventoried prior to being towed.
[26] *United States v. Winters*, 782 F.3d 289, 297 (6th Cir. 2015).
[27] *United States v. Torres-Ramos*, 536 F.3d 542, 551–52 (6th Cir. 2008).
[28] *See United States v. Cortez*, 449 U.S. 411, 417–18 (1981) (detaining officers must have a "particularized and objective basis" for suspecting the particular person of criminal activity.); *United States v. Lott*, 954 F.3d 919, 923 (6th Cir. 2020) (defendant's admission to having drugs in the car provided reasonable suspicion to prolong the stop); *United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994) (officers had probable cause to search vehicle based on cocaine found on the person of the driver, false information given to the officers regarding the car's ownership, and the fact that no car occupant had a valid driver's license").
[29] *See United States v. Burton*, 334 F.3d 514, 519 (6th Cir. 2003) (finding an officer's question about contraband to be reasonably related to officer safety).

Case No. 5:20-cr-00607
GWIN, J.

In response to the officer's questions, Defendant Scott admitted that she had a firearm on her person. Once Defendant Scott admitted to this, officers had probable cause to arrest and search her.[30]

The seizure and resulting search of Defendant Scott was therefore lawful.

### B. *Miranda* Warnings Were Not Required.

Defendant Scott claims the Officer unlawfully asked her twice if she had anything illegal on her without providing her with *Miranda* warnings.

To safeguard the Fifth Amendment right against self-incrimination, law enforcement officers must inform a suspect of her rights—including her right to remain silent in response to officers' questions—before conducting a custodial interrogation.[31] If an individual detained pursuant to a traffic stop is subject to treatment that renders her "in custody" for practical purposes, she is afforded the protections prescribed by *Miranda*.[32]

If officers develop reasonable suspicion of criminal activity during the course of a stop, the stop may be extended to allow the officers to investigate those suspicions.[33] Officers are not required to advise a defendant of her rights under *Miranda* to do so.[34]

Because the officers had reasonable suspicion as to Defendant Scott once drugs were recovered from the driver, Officer Mook's questions were lawful and did not implicate *Miranda*.

---

[30] Under Ohio law, it is a felony offense to carry a loaded firearm in a motor vehicle such that it is accessible to occupants without leaving the passenger compartment. Ohio Rev. Code § 2923.16(B).
[31] U.S. Const. amend. V; *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).
[32] *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (citing *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam)).
[33] *Winters*, 782 F.3d at 297.
[34] See *United States v. Garrido-Santana*, 360 F.3d 565, 575 (6th Cir. 2004) (holding that where an officer had reasonable suspicion that defendant was engaged in criminal activity, his inquiry into whether defendant possessed any illegal contraband was lawful).

- 5 -

Case No. 5:20-cr-00607
GWIN, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIED** Defendant Scott's motion to suppress.

IT IS SO ORDERED.

Dated: September 23, 2021    *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE